United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60749

_____

GULF BEST ELECTRIC, INC.;
LOUISIANA WORKERS' COMPENSATION CORP.,

                                    Petitioners-Cross-Respondents,

                         versus

MICHAEL M. METHE,

                                    Respondent-Cross-Petitioner,

                         versus

DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS, U. S. DEPARTMENT OF LABOR,

                                    Respondent-Cross-Respondent.

_____

Petition for Review from an Administrative
Decision of the Benefits Review Board
BRB No. 02-0721 and 02-0721A
_____

Before JOLLY, WIENER and PICKERING, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

     This appeal arises from a claim for benefits under the

Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et

seq. ("LHWCA").  Both the claimant, Michael Methe, and the cross-

respondents, Gulf Best Electric, Inc. and the Louisiana Workers'

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Compensation Corporation ("LWCC"), filed petitions asking this court to review various portions of a decision by the Benefits Review Board ("BRB") of the Department of Labor. That decision affirmed in part and modified in part an order by an administrative law judge ("ALJ") granting Methe permanent total disability compensation. Because this court lacks jurisdiction to review the issues raised by Methe, his petition is DISMISSED. With regard to the issues raised by Gulf Best and the LWCC, we AFFIRM the BRB's decision to apply § 910(a) in calculating Methe's average weekly wage, its finding that Methe suffered permanent disability, and its denial of contribution under § 908(f). We REVERSE the decision of the BRB as to the date of maximum medical improvement, and REMAND the case to the BRB to recalculate Methe's compensation award accordingly.

I

Michael Methe injured his back in March 2000, while working as a journeyman electrician for Gulf Best Electric, Inc. He sued Gulf Best and the LWCC for disability benefits, and the case was tried before an ALJ in March 2002. The ALJ's findings relevant to this appeal are: (1) that Methe suffers permanent and total disability; (2) that his average weekly wage was $848.51, and was properly calculated using § 910(c) of the LHWCA; (3) that employer contributions to Methe's retirement, annuity, and health insurance plans should be excluded from calculations of his average weekly wage; (4) that Methe reached maximum medical improvement on June 8,

2

2000; and (5) that Gulf Best failed to show that Methe's current disability was not due solely to his 2000 injury, and therefore is not entitled to contribution under § 908(f) of the LHWCA.

Methe, Gulf Best, and the LWCC appealed the ALJ's decision to the BRB. The BRB concluded that the ALJ erred in applying § 910(c) of the LHWCA in computing Methe's average weekly wage. Applying § 910(a) instead, the BRB modified the ALJ's order to reflect an average weekly wage of $942.65. The BRB affirmed the ALJ's conclusions as to permanent disability, exclusion of employer contributions to health insurance and retirement plans from the average weekly wage, the date of maximum medical improvement, and denial of relief under § 908(f).

The parties now petition this court to review certain portions of the BRB's decision. Gulf Best and the LWCC ask us to reverse the BRB's ruling that Methe's average weekly wage is properly calculated under § 910(a) of the LHWCA, rather than § 910(c). They further challenge the BRB's decision as it relates to the permanent nature of Methe's disability, the date of maximum medical improvement, and denial of relief under § 908(f). Methe asks us to reverse the BRB's affirmance of the ALJ's decision to exclude employer contributions to health insurance and retirement funds in calculating his average weekly wage. The Director of the Office of Workers' Compensation Programs ("Director") urges this court to dismiss Methe's claim for lack of jurisdiction, arguing that it was not timely filed.

3

The LHWCA requires the BRB to accept the findings of the ALJ if they are rational and supported by substantial evidence in the record considered as a whole. Ceres Marine Terminal v. Director, OWCP, 118 F.3d 387, 389 (5th Cir. 1997). The BRB may not substitute its judgment for that of the ALJ or engage in a de novo review of the evidence. Id. This court, in turn, reviews decisions by the BRB to determine whether it has adhered to its proper scope of review -- i.e., whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law. H. B. Zachry Co. v. Quinones, 206 F.3d 474, 477 (5th Cir. 2000).

A

We first consider the threshold question of jurisdiction. This court's jurisdiction to hear a petition for review from an LHWCA administrative decision is derived solely from the appeal provision contained in 33 U.S.C. § 921(c). This provision requires, inter alia, that a petition for review of a final order of the BRB be filed no later than sixty days following the issuance of the order. The parties do not dispute that the jurisdictional requirements of § 921(c) are met with respect to all of the issues raised in the petition of Gulf Best and the LWCC.

The Director asserts that Methe's petition, having been filed seventy days after the BRB issued its final order, was not timely. As such, the Director contends, this court lacks jurisdiction to consider Methe's claim that the BRB erred in excluding employer

4

contributions to his retirement and health insurance funds when calculating his average weekly wage.  We agree.

Methe has styled his petition a "Cross-Application to Enforce Benefits Review Board Order".  In substance, however, it is simply a request that this court reverse the BRB's order, and thus allow inclusion of his employer's $3.47 per hour contributions to retirement and health insurance funds in calculation of his average weekly wage.  Because the claimant raises this issue as an affirmative challenge to the BRB's decision rather than as a defense to his employer's appeal, his "cross-application" is properly characterized as a petition for review and, thus, is time-barred by § 921(c).  See Dole v. Briggs Construction Co., Inc., 942 F.2d 318, 320 (6th Cir. 1991).

Methe contends that, because he has filed a petition for modification of the compensation award with the Department of Labor pursuant to 33 U.S.C. § 922, it would be a "waste of this Court's time and resources" to dismiss his petition, only to have the claim eventually "work its way back through the system".  Methe cites no authority for the proposition that we may ignore the time requirements for appeal imposed by an agency's organic statute for the sake of equity or judicial efficiency.  Accordingly, Methe's petition is dismissed.

B

We now turn our attention to the four substantive issues raised by Gulf Best and the LWCC.  In their petition, they contend

5

that the BRB erred: (1) in affirming the ALJ's decision that Methe suffered permanent disability; (2) in affirming the ALJ's finding that Methe reached maximum medical improvement on June 8, 2000; (3) in reversing the ALJ's decision to apply § 910(c) of the LHWCA in calculating Methe's average weekly wage and instead applying § 910(a); and (4) in affirming the ALJ's decision to deny Gulf Best contribution under § 908(f).

(1)

Gulf Best and the LWCC contend that the ALJ and BRB erred in deciding that Methe has suffered permanent disability. A claimant is considered permanently disabled under the LHWCA if he or she suffers any residual disability after achieving maximum medical improvement. Abbott v. La. Ins. Guaranty Assn., 40 F.3d 122, 125 (5th Cir. 1994). Gulf Best and the LWCC argue that, because Methe has unreasonably refused surgery to alleviate the symptoms of his back injury, he has not achieved maximum medical improvement, and thus cannot be considered permanently disabled. We do not agree.

The LHWCA allows an ALJ to suspend payment of compensation if a claimant "unreasonably refuses to submit to medical or surgical treatment ... unless the circumstances justified the refusal". 33 U.S.C. § 907(d)(4). Gulf Best and the LWCC contend that Methe's refusal to undergo back surgery recommended by his physician, Dr. Bourgeois, is both unreasonable and unjustifiable. They point to Dr. Bourgeois's testimony that surgery of the type in question yields significant improvement in eighty-five to ninety percent of

6

patients and represents Methe's only chance of improving his condition.

The ALJ acknowledged the relevance of this testimony, but assigned more weight to Dr. Bourgeois's statement that there is "no guarantee, even with surgery, that [Methe's] functional level would improve". The ALJ further relied on a statement by the physician hired by Gulf Best to examine Methe that, while he believed it could be justified, surgery probably would not benefit Methe.

In sum, although Dr. Bourgeois's recommendation might have persuaded some patients to undergo surgery, the ALJ's finding that Methe's refusal was reasonable and justified is supported by substantial evidence. We therefore hold that the BRB did not err in affirming the ALJ's conclusion that Methe did achieve maximum medical improvement, and thus suffered permanent disability.

(2)

Gulf Best and the LWCC further assert that, even if Methe has reached maximum medical improvement, the ALJ and BRB erred in concluding that it was achieved on June 8, 2000. They argue that the correct date of maximum medical improvement ("MMI date") is, instead, September 13, 2001. We agree that the ALJ erred, as a matter of law, in designating June 8, 2000 as the MMI date.

Maximum medical improvement is reached when an injury has received the maximum benefit of treatment such that the patient's condition will not improve. Abbott, 40 F.3d at 126. As discussed supra, refusal of further treatment does not prevent a finding that

7

maximum medical improvement has been achieved where the refusal is both reasonable and justified within the meaning of § 907(d)(4). Thus, the relevant inquiry becomes:  when did Methe reach a level of recovery at which no treatment other than surgery could have yielded further improvement?

In settling upon June 8, 2000 as the MMI date, both the ALJ and the BRB relied almost exclusively on Dr. Bourgeois's opinion regarding the date of maximum improvement.  Dr. Bourgeois initially gave September 13, 2001 as the MMI date, but later revised his assessment to reflect a lack of actual improvement after June 2000. Dr. Bourgeois stated in a letter that, although he had continued to treat Methe with an eye toward further recovery until September 2001, June 8, 2000 actually represented the MMI date, since, in hindsight, Methe's health had actually worsened after that point.

The ALJ's decision to rely on Dr. Bourgeois's retrospective determination of the MMI date is inconsistent with our holding in Abbott.  In Abbott, the claimant's doctor continued to prescribe treatment but, like Dr. Bourgeois, later decided that the treatment had proven unsuccessful and accordingly revised the claimant's MMI date backward.  Id.  We affirmed the BRB's decision that the date on which treatment actually ceased was the correct MMI date, noting that "[o]ne cannot say that a patient has reached the point at which no further medical improvement is possible until such

8

treatment has been completed -- even if, in retrospect, it turns out not to have been effective." Id.

We therefore hold that the ALJ erred, as a matter of law, in accepting Dr. Bourgeois's revision and designating June 8, 2000 as the MMI date. As such, we reverse the decision of the BRB as it pertains to the date of maximum medical improvement and remand the matter to the BRB for recalculation of Methe's average weekly wage based on an MMI date of September 13, 2001.

(3)

Gulf Best and the LWCC argue that the BRB erred in reversing the ALJ's decision to calculate Methe's average weekly wage using § 910(c) of the LHWCA. We conclude that the ALJ's decision to apply § 910(c) was contrary to law, and thus, that the BRB's decision to reverse and apply § 910(a) was not in error.

Under the LHWCA, a claimant's average weekly wage is determined using one of three methods set forth in 33 U.S.C. § 910(a)-(c). If the claimant has worked at the job at which the injury took place "during substantially the whole of the year immediately preceding his injury", § 910(a) applies. If the claimant has not worked at the job for substantially the whole of the preceding year, § 910(b) applies. If neither § 910(a) nor § 910(b) can be applied fairly and reasonably to determine the average weekly wage, then § 910(c) is used.

Gulf Best and the LWCC argue that the BRB erred in applying § 910(a) because Methe did not work for Gulf Best during

9

substantially the whole of the preceding year.  In its opinion, the BRB found that Methe had worked 47.4 weeks, or 237 days, or 91 percent of the workdays available in the year before his injury. It referenced the Ninth Circuit's holding in <u>Matulic v. Director, OWCP</u> that, as a matter of law, § 910(a) must be applied where a claimant has worked at least 75 percent of the available workdays in the preceding year.  154 F.3d 1052, 1058 (9th Cir. 1998).  While this court has not adopted such a bright-line test for the applicability of § 910(a), it is clear to us that Methe's record of 91 percent satisfies the requirement of § 910(a) that the claimant have worked "substantially the whole of the year immediately preceding the injury".

It is true that we previously have said that, even where the requirements of § 910(a) are met, an ALJ may apply § 910(c) "if [§ 910(a)] 'can not reasonably and fairly be applied'".  <u>SGS Control Services v. Director, OWCP</u>, 86 F.3d 438, 441 (5th Cir. 1996).  In the case before us, the ALJ cited concern over the "fairness" of possible overcompensation as his rationale for applying § 910(c), noting that he "d[id] not agree with Claimant that [§] 910(a) was designed to 'show what Claimant could earn under ideal circumstances'".  This position, however, is contrary to the one we took in <u>Ingalls Shipbuilding v. Wooley</u>, in which we said that "[t]he calculation mandated by § 910(a) aims at a theoretical approximation of what a claimant could ideally have expected to

10

earn ... had he worked every available work day in the year". 204 F.3d 616, 618 (5th Cir. 2000) (internal citations omitted).[1]

As such, we hold that the ALJ erred as a matter of law in applying § 910(c) in calculating Methe's average weekly wage. We therefore affirm the BRB's decision to reverse the ALJ and to calculate Methe's wage under § 910(a).

(4)

Finally, Gulf Best and the LWCC contend that the ALJ and BRB erred in deciding that Gulf Best is not entitled to contribution under 33 U.S.C. § 908(f). We do not agree.

The LHWCA provides, in § 908(f), that an employer may limit its liability for an employee's permanent disability if it can show, <u>inter alia</u>, that the disability that exists after the work-related injury is not due solely to the injury, but is the product of a combination of both that injury and an existing permanent partial disability. See <u>Director, OWCP v. Cargill, Inc.</u>, 709 F.2d

---

[1] Over-compensation alone does not usually justify applying § 910(c) when § 910(a) or (b) may be applied. As the BRB noted in its opinion, any over-compensation that the LHWCA yields "is built into the system institutionally". The Ninth Circuit observed in <u>Matulic</u> that, when Congress amended § 910 in 1948 to reflect the five-day work week, it must have been aware that, due to illness, vacations, strikes, etc., virtually no one works every working day of every week. Thus, ordinarily, § 910's fixed formula will over-compensate the worker to some degree. This result, however, comports with the humanitarian purposes of the LHWCA and the courts' mandate to construe the LHWCA broadly so as to favor claimants. See <u>Matulic</u>, 154 F.3d at 1057 (citing <u>Edwards v. Director, OWCP</u>, 99 F.2d 1374, 1375 (9th Cir. 1993); <u>Randall v. Comfort Control, Inc.</u>, 725 F.2d 791, 796 (D.C. Cir. 1984); <u>Odom Constr. Co., Inc. v. U.S. Dept. of Labor</u>, 622 F.2d 110, 115 (5th Cir. 1980)).

11

616, 619 (9th Cir. 1983).  The employer bears the burden of proving that the work-related injury would not have rendered the employee permanently and totally disabled absent the pre-existing disability.  Ceres, 118 F.3d at 390.

Gulf Best and the LWCC argue that the ALJ's finding that Methe's current disability was caused solely by his March 2000 injury is not supported by evidence.  They cite a work-related back injury that Methe suffered in 1987, as well as Dr. Bourgeois's diagnosis of a pre-existing spondylosis in Methe's back, but do not specify which of the two may have contributed to his present disability.

The ALJ assumed that Methe had a pre-existing disability but nonetheless found that Methe's current disability resulted entirely from his work-related injury.  The ALJ found that Gulf Best and the LWCC had produced no evidence to suggest that Methe suffered any long-term effects of the 1987 injury, nor any evidence that would tend to show Methe's current disability was more disabling because of the earlier injury.  In addition, the ALJ cited the opinion of Dr. Bourgeois that Methe's back problems resulted from his 2000 injury alone.

We find no reversible error in the weighing of the evidence on this question and, thus, affirm the ALJ's holding and the BRB's affirmance.

III

12

In sum, because we lack jurisdiction to entertain it, Methe's petition for review is DISMISSED.  With regard to the date of maximum medical improvement, the decision of the Benefits Review Board is REVERSED, and the case is REMANDED to the Board for recalculation of Methe's average weekly wage based on an MMI date of September 13, 2001.  The decision of the Benefits Review Board is in all other respects AFFIRMED.

AFFIRMED, in part, REVERSED in part, and REMANDED.