# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2007**

Charles R. Fulbruge III
Clerk

No. 06-60968
Summary Calendar

FRANKS CASING CREW & RENTAL TOOLS INC; LOUISIANA
WORKERS' COMPENSATION CORP

Petitioners

v.

TROY M DUPRE; DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS, US DEPARTMENT OF LABOR

Respondents

---

Petition for Review From a Decision of the Benefits Review Board

---

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Before the court is a petition for review from a decision of the Benefits

Review Board ("BRB") affirming an award of workers' compensation. Because

there is substantial evidence to support the award, we AFFIRM.

## I.  FACTUAL AND PROCEDURAL HISTORY

Petitioner Franks Casing Crew & Rental Tools, Inc. ("Franks") employed

Respondent Troy M. Dupre ("Dupre") as a tong operator on a BP rig in the Gulf

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in 5TH
CIRCUIT RULE 47.5.4.

of Mexico. Dupre's job frequently required him to carry and move objects weighing anywhere from twenty-five to sixty pounds. On September 15, 2003, Dupre was pulling slips on the rig floor and felt his back tighten up. He informed his supervisor, Russell Every ("Every") about the pain, as well as two other co-workers, Raymond Scott ("Scott") and Clark Dupre ("Clark Dupre"). Every, Scott, and Clark Dupre all recalled Dupre telling them about his back pain but do not remember Dupre stating that it was the result of a workplace accident. All four workers returned home the next day.

On September 18, 2003, Dupre contacted Brooks Blakeman ("Blakeman") the manager of the eastern district for Franks. According to Blakeman, Dupre asked to be taken off the job roster for several days because he had some tightness in his back after helping his brothers. Dupre then sought treatment from his family physician and several other doctors. Dr. Harris indicated that Dupre's disability was not caused by an "accident," Dr. Robichaux's notes contain the phrase "heavy work," and Dr. Haydel's records reflect that Dupre told him he was injured while doing some heavy pulling at work. Dr. Harris restricted Dupre from doing heavy lifting, and Dr. Haydel recommended surgery.

In October 2003, Dupre and Blakeman completed an accident report form. Dupre testified that he made no prior effort to report his injury to Franks because he had believed his report to Every was sufficient. The accident report stated that Dupre had injured his back while off-duty when helping his brothers move. Dupre denies that the report contained such a statement at the time he signed it. Blakeman indicated that Dupre did tell him in October that his injury occurred while he was on the job, but that Blakeman included the reference to the off-duty injury to explain why Dupre had not completed the accident report earlier.

Dupre made a claim for disability benefits and medical expenses against Franks and Petitioner the Louisiana Workers' Compensation Corporation

2

(collectively, "Petitioners") under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-50 (2000). The parties submitted their dispute to an administrative law judge ("ALJ"). The ALJ heard evidence and argument from both sides and issued a ruling in favor of Dupre, requiring Franks to pay disability benefits and medical expenses. Franks appealed to the Benefits Review Board ("BRB") which upheld the ALJ's decision. The case is now before us. We have jurisdiction pursuant to 33 U.S.C. § 921(c) and turn to the merits of our decision.

## II. STANDARD OF REVIEW

The BRB must accept the findings of the ALJ if such findings are rational and supported by substantial evidence, considering the record as a whole. Gulf Best Elec., Inc. v. Methe, 396 F.3d 601, 603 (5th Cir. 2004); see also 33 U.S.C. § 921(b)(3) ("The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole."). "Substantial evidence is evidence that provides a substantial basis of fact from which the fact in issue can be reasonably inferred" or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Avondale Indus., Inc. v. Dir., Office of Workers' Comp. Programs, 977 F.2d 186, 189 (5th Cir. 1992) (internal quotation marks omitted). Our review of the BRB decision is then limited to "considering errors of law and ensuring that the BRB adhered to its statutory standard of review, that is, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." H.B. Zachry Co. v. Quinones, 206 F.3d 474, 477 (5th Cir. 2000).

## III. DISCUSSION

The LHWCA provides that an employee may recover for a disability resulting from a personal injury incurred in the course of employment "if the disability . . . results from an injury occurring on the navigable waters of the

United States . . . ." 33 U.S.C. § 903(a). Section 20(a) of the LHWCA creates a presumption that the injury is causally related to the worker's employment if the worker makes a prima facie showing of causation. Port Cooper/T. Smith Stevedoring Co. v. Hunter, 227 F.3d 285, 287 (5th Cir. 2000). A prima facie case of causation consists of evidence that "(1) an injury was suffered, and (2) the injury occurred in the course of employment or was caused, aggravated or accelerated by conditions at the work place." Ortco Contractors, Inc. v. Charpentier, 332 F.3d 283, 287 (5th Cir. 2003). Once an employee makes a prima facie case, it is the employer's burden to rebut it by substantial evidence to the contrary. Id.; see also 33 U.S.C. § 920(a).

Here, the ALJ found that Dupre made a prima facie showing of causation and that Petitioners failed to rebut it with substantial evidence. The ALJ specifically noted that Dupre frequently performed heavy lifting on the job, that he complained of back pain while still on the job, and that physicians had documented Dupre's back injury. The ALJ also determined that the notation by Blakeman on the accident report that the injury occurred off the job and Dr. Harris's notation that the injury was not caused by an "accident" did not amount to substantial evidence to the contrary. The BRB upheld that decision. On appeal, Petitioners argue that Dupre did not satisfy his prima facie obligation and, alternatively, that Petitioners successfully rebutted the prima facie case.

Petitioners first contend that none of Dupre's co-workers witnessed an accident that might have injured Dupre and that Dupre did not tell his co-workers that he was injured at work. To begin with, while the LHWCA requires an "accidental injury," see 33 U.S.C. § 902(2), it does not require that the injury be caused by some sort of accident–only that it be unexpected. See Miss. Shipping Co. v. Henderson, 231 F.2d 457, 460 n.2 (5th Cir. 1956) (affirming award to individual who suffered heart attack due to exertion in the workplace); see also Wheatley v. Adler, 407 F.2d 307, 311 n.6 (D.C. Cir. 1968) ("It is enough

if something unexpectedly goes wrong within the human frame.") (internal quotation marks omitted). The record before the ALJ made it clear that Dupre's job required a large amount of heavy lifting, which could certainly cause a back injury. Further, Dupre did tell his co-workers about the back pain he began experiencing while at work, even if he did not mention a specific accident or that he believed it was work-related. Given our deferential standard of review, we cannot say that the ALJ and BRB erred in determining that the evidence that Dupre presented was sufficient to establish a prima facie case of causation under the LHWCA and invoke the Section 20(a) presumption.

Petitioners' attempt to rebut the presumption includes the arguments that Dupre did not tell his doctors he was injured at work, that Dupre did not immediately request that Franks provide him with medical treatment, and that Blakeman recalled Dupre telling him he was injured while off-duty. Again, the ALJ and BRB considered these arguments, and we cannot say that they erred in rejecting them.

Petitioners' contention essentially comes down to their claim that Dupre's story is not believable because he did not tell anyone his back injury was work-related until he made his claim for benefits. However, Dupre testified otherwise and offered reasonable explanations for his actions; therefore, there exists evidence to support both side's claims. As the factfinder, the ALJ is entitled to select between inferences and make credibility determinations, as long as his decision is supported by the evidence and the law. See Ortco Contractors, 332 F.3d at 292. The ALJ did so here, and we will not reverse his decision. Therefore, we affirm the decisions of the ALJ and BRB.

## IV. CONCLUSION

Because there is substantial evidence to support the ALJ's and BRB's decisions, we AFFIRM.

AFFIRMED.