# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-60504
Summary Calendar

SCOTT DUCKWORTH

Petitioner

v.

CSX WORLD CRANE; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR

Respondents

On Petition for Review of an Order
of the Benefits Review Board
BRB No. 06-0824

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

An Administrative Law Judge (ALJ) denied Scott Duckworth's claim for benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq. The Benefits Review Board (BRB) affirmed. Duckworth contends the BRB erred: in concluding Duckworth had not established a prima

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

facie case of on-the-job injury; and, along that line, upholding the ALJ's credibility determinations.

Duckworth's LHWCA claim was based on an injury allegedly sustained on 4 March 2002, during his crane-electrician employment for CSX World Crane Service; he alleged injury to his back while lifting a transformer. Although other employees were nearby at the time of the alleged injury, the incident was not witnessed. Based on the testimony by Duckworth and co-workers, as well as the medical evidence, the ALJ determined Duckworth had not established a prima facie case for compensation.

Under the LHWCA, the BRB is required to accept the ALJ's findings of fact and conclusions of law supported by substantial evidence and in accordance with the law. 33 U.S.C. § 921(b)(3). The BRB is not to conduct a de novo review, and it may not consider new evidence. 20 C.F.R. § 802.301. BRB decisions are reviewed "to determine whether it has adhered to its proper scope of review". Gulf Best Elec., Inc. v. Methe, 396 F.3d 601, 603 (5th Cir. 2004) (citing H.B. Zachry Co. v. Quinones, 206 F.3d 474, 477 (5th Cir. 2000)).

The ALJ found, based largely on discrediting Duckworth's testimony, that he failed to establish the alleged work incident occurred. Therefore, the ALJ concluded Duckworth failed to establish a prima facie case for coverage, which requires proof, by a preponderance of the evidence, that, inter alia, an injury was suffered. Ortco Contractors, Inc. v. Charpentier, 332 F.3d 283, 287 (5th Cir. 2003) (citation omitted).

In this regard, the ALJ "is entitled to consider all credibility inferences". Mendoza v. Marine Pers. Co., Inc., 46 F.3d 498, 500 (5th Cir. 1995) (citation and internal quotation marks omitted). As the fact-finder, the ALJ determines the weight to be accorded evidence and makes all credibility determinations. James J. Flanagan Stevedores, Inc. v. Gallagher, 219 F.3d 426, 430 (5th Cir. 2000) (citation omitted). In concluding Duckworth had not established the existence

of the alleged incident, the ALJ found his testimony was "equivocal, ambiguous, incredible, and unpersuasive". This credibility determination was supported by the testimony of four of Duckworth's co-workers. For example, one testified about Duckworth's repeated comments that he planned to fake a work-injury.

Duckworth contests the ALJ's conclusion that Duckworth's testimony may not stand in the light of the objective medical evidence. The ALJ, however, addressed the medical evidence in great detail in its "Decision and Order" and concluded it did not establish an injury occurred on 4 March 2002.

We find no basis for holding the ALJ's decision was neither supported by substantial evidence nor in accordance with the law. Therefore, the BRB correctly affirmed that decision.

DENIED.