# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-60775
Summary Calendar

MAR-CON/THUNDER CRANE, INC.; ZURICH NORTH AMERICA
INSURANCE COMPANY

Petitioners

v.

BRYAN NELSON; DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS, U.S. DEPARTMENT OF LABOR

Respondents

On Petition for Review of an Order
of the Benefits Review Board
BRB No. 06-0903

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

Brian Nelson pursued a claim for benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq., after being injured two days into his employment as a rigger for Petitioner Mar-Con, Inc./Thunder Crane, Inc. The sole issue before the Administrative Law Judge (ALJ) was the proper calculation of Nelson's average weekly wage (AWW) and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the resulting compensation rate. The ALJ determined, pursuant to 33 U.S.C. § 910(c), Nelson's AWW to be $424.00; the Benefits Review Board (BRB) affirmed. Petitioner contends: the ALJ erred in its AWW calculation because it was based solely on Nelson's salary earned during his brief employment with Petitioner.

Under the LHWCA, the BRB is required to accept the ALJ's findings of fact and conclusions of law supported by substantial evidence and in accordance with the law. 33 U.S.C. § 921(b)(3). BRB decisions are reviewed "to determine whether it has adhered to its proper scope of review". Gulf Best Elec., Inc. v. Methe, 396 F.3d 601, 603 (5th Cir. 2004) (citing H.B. Zachry Co. v. Quinones, 206 F.3d 474, 477 (5th Cir. 2000)).

The LHWCA provides three alternative methods of calculating AWW. See 33 U.S.C. § 910(a)-(c). Neither party disputes the ALJ correctly applied subsection 10(c), the third method. That section applies "when the first two methods cannot reasonably and fairly be applied". Hall v. Consol. Employment Sys., Inc., 139 F.3d 1025, 1030 (5th Cir. 1998) (citations and internal quotation marks omitted).

Unlike subsections 10(a) and (b), there is no time limit imposed for determining AWW under section 10(c). Id. "The essential purpose of the average weekly wage determination is to reflect 'a claimant's annual earning capacity at the time of the injury.'" Id. at 1031 (quoting Empire United Stevedores v. Gatlin, 936 F.2d 819, 823 (5th Cir. 1991)) (emphasis in original). In so deciding, the ALJ has broad discretion in deciding what reflects the earning capacity of the injured worker. Gatlin, 936 F.2d at 823. For example, our court has upheld an AWW determination where the ALJ excluded all of the claimant's wages at the time of his injury. See Hall, 139 F.3d at 1030.

Here, the opposite situation exists. The ALJ relied exclusively upon Nelson's employment at the time of his injury, concluding that an AWW based on Nelson's previous year's earnings would lead to a harsh result. Under the

2

substantial evidence standard, "we may not substitute our judgment for that of the ALJ, nor may we reweigh or reappraise the evidence". Hall, 139 F.3d at 1031 (internal citation and quotation marks omitted). "Our focus is strictly confined to whether there exists evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" Id. at 1032 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

The ALJ reasonably concluded that Nelson's salary at the time of the incident, regardless of the extremely short duration of his employment, best indicated his earning capacity. Therefore, the ALJ's decision is supported by substantial evidence and is in accordance with the plain language of section 10(c).

DENIED.