# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-60751
Summary Calendar

MONROE TURNER

Petitioner

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US
DEPARTMENT OF LABOR; NATIONAL MAINTENANCE & REPAIR;
SIGNAL MUTUAL INDEMNITY ASSOCIATION LTD

Respondents

Petition for Review of an Order of the
Benefits Review Board
BRB No. 07-0873

Before DAVIS, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Monroe Turner ("Turner") appeals the decision of the Benefits Review Board ("BRB"), affirming an Administrative Law Judge's ("ALJ") determination that he is ineligible for benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2001, Turner fell from a ladder while working as a tugboat welder and suffered a laceration to his forehead and a broken nose. Weeks later, he stopped working because of difficulty breathing, a burning sensation in his nose, and headaches. An ear, nose and throat specialist and a neurologist treated Turner for the nose injury and headaches, respectively. As of May 3, 2002, they determined that Turner had reached maximum medical improvement, released him from their care and approved his return to work. However, Turner did not resume his employment as a welder because of alleged back pain that he first complained about nearly three months after the fall. National Maintenance and Repair, Turner's employer, paid Turner temporary total disability benefits from January 22, 2002, through May 3, 2002, and covered some of his medical expenses, but it refused to authorize treatment for Turner's alleged back injury. On April 4, 2002, without authorization, Turner began to receive treatment for back pain from another doctor, who his attorney had recommended.

Turner then filed a claim for compensation under the LHWCA. The ALJ found the employer liable for all necessary treatment for Turner's broken nose and headaches; however, the ALJ denied benefits for Turner's claim of a related back injury.[1] The ALJ found Turner's testimony "riddled with contradictions, inconsistencies, inexplicable denials, and falsehoods," particularly in light of the three-month lapse between the fall and his report of back pain,[2] his admissions

---

[1] The ALJ also denied benefits for an alleged aggravation of Turner's pre-existing Post-Traumatic Stress Disorder, which the BRB affirmed as unchallenged on appeal. Turner similarly does not raise this issue to this court, appealing only the denial of benefits for his back injury.

[2] Turner explains the three-month delay by stating that he began experiencing the back pain only after he stopped taking prescribed pain medication in preparation for a functional capacity evaluation. The ALJ heard this testimony and implicitly discounted it as part of his credibility determination.

of lies to receive related disability benefits from the Social Security Administration and Veterans Administration, surveillance video of Turner lifting heavy baskets of shrimp while working at a seafood market after the fall, and psychological testing that diagnosed him as a malingerer. The ALJ also gave no credit to the opinions of Turner's medical experts because they were either similarly unconvincing or based on Turner's false reporting of symptoms and physical limitations. Accordingly, the ALJ found no credible evidence to support Turner's claim that he suffered a back injury stemming from his fall. Therefore, the ALJ denied benefits for this claim. The BRB affirmed, declining to question the ALJ's factual findings or credibility determinations. Turner appeals to this court. We have jurisdiction to review an order of the BRB pursuant to 33 U.S.C. § 921(c).

## II. STANDARD OF REVIEW

The LHWCA requires the BRB to accept the ALJ's findings of fact as conclusive when "supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). "The BRB may not substitute its judgment for that of the ALJ or engage in a *de novo* review of the evidence." *Gulf Best Elec., Inc. v. Methe*, 396 F.3d 601, 603 (5th Cir. 2004). In turn, "[t]his court . . . reviews decisions by the BRB to determine whether it has adhered to its proper scope of review . . . ." *Id.* Accordingly, we must affirm so long as the ALJ followed the correct legal standard and supported its factual findings with substantial evidence. *See id.*

## III. DISCUSSION

Turner challenges the ALJ's decision, asserting that he presented sufficient evidence—by simply alleging that he suffered a back injury—to trigger the LHWCA § 20(a) presumption of a compensable work-related injury. Section 20(a) provides that "it shall be presumed, in the absence of substantial evidence to the contrary . . . [t]hat the claim comes within the provisions of this chapter."

33 U.S.C. § 920(a). To invoke the presumption, a claimant must prove that (1) he suffered an injury and (2) an accident or conditions at work could have caused the injury. *Conoco, Inc. v. Dir., Office of Worker's Comp. Programs*, 194 F.3d 684, 687 (5th Cir. 1999). Proof of both required elements triggers the presumption of a work-related injury compensable under the LHWCA. *Amerada Hess Corp. v. Dir., Office of Worker's Comp. Programs*, 543 F.3d 755, 761 (5th Cir. 2008). If the employer, in turn, presents sufficient evidence that the injury was not work related, the presumption drops out of the case and leaves the ALJ to determine causation based on weighing all of the evidence. *Id.* Essentially, § 20(a) provides a presumption of a causal connection between the claimant's injury and his or her employment, not a presumption of a compensable injury itself. To invoke the presumption, Turner bore the burden to prove—not merely allege—that he suffered a back injury and that the back injury could have resulted from his fall at work. *See id.*

Here, the ALJ found that Turner failed to establish that he suffered a back injury stemming from the fall, based largely on discrediting the testimony of Turner and his medical experts. As the fact finder, the ALJ is entitled to make credibility determinations and accept or reject any part of an expert's testimony. *Mendoza v. Marine Pers. Co.*, 46 F.3d 498, 500-01 (5th Cir. 1995). The ALJ determined that Turner's testimony and the opinions of Turner's medical experts were not credible. Without credible evidence to support Turner's allegation of a back injury, the ALJ properly exercised his discretion to conclude that Turner failed to prove the predicate injury necessary to invoke the § 20(a) presumption. Accordingly, the ALJ found it unnecessary to determine the sufficiency of the employer's contrary evidence to rebut Turner's claim of a work-related injury. In sum, the ALJ followed the correct legal standard in refusing to apply the § 20(a) presumption given that Turner did not provide sufficient evidence to prove— not merely allege—that he suffered a back injury.

Even assuming that the ALJ should have applied the presumption of causation in this case, the employer presented substantial evidence to rebut the presumption and support the ALJ's determination based on a weighing of all of the evidence. "'Substantial evidence is that relevant evidence—more than a scintilla but less than a preponderance—that would cause a reasonable person to accept the fact finding.'" *Coastal Prod. Servs. Inc. v. Hudson*, 555 F.3d 426, 430 (5th Cir. 2009) (quoting *Dir., Office of Worker's Comp. Programs v. Ingalls Shipbuilding, Inc.*, 125 F.3d 303, 305 (5th Cir. 1997)). Here, the ALJ addressed all of the relevant testimony and medical evidence in an exhaustively detailed seventy-five page Decision and Order and provided cogent reasoning for his determination that Turner did not prove he suffered a back injury. A reasonable person could accept the ALJ's fact finding based on the surveillance video alone, which showed Turner's ability to perform heavy lifting while working at a seafood market after his fall. Additionally, Turner's admissions of lies and his diagnosis as a malingerer presents far more than a scintilla of evidence to support the ALJ's conclusion that Turner did not suffer a back injury from his fall at work.

## IV. CONCLUSION

We find no basis for holding that the ALJ failed to follow the correct legal standard or erred in his factual findings. Substantial evidence supported the ALJ's conclusion that Turner did not suffer a back injury, even if the § 20(a) presumption applied. However, because Turner failed to prove that he suffered a back injury, he was not entitled to a presumption of causation between the injury and conditions at work. In essence, Turner simply takes issue with the ALJ's factual findings and credibility determinations, which we decline to disturb given the record in this case. Therefore, we affirm the BRB's decision denying Turner benefits under the LHWCA.

AFFIRMED.