# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

No. 09-60476
Summary Calendar

Charles R. Fulbruge III
Clerk

FREDDIE MAE HYATT,

Petitioner

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR; NORTHROP GRUMMAN SHIP SYSTEMS INC; INGALLS SHIPBUILDING DIVISION,

Respondents

Petition for Review of an Order of the
Benefits Review Board
BRB Nos. 08-0612 & 08-0802

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This petition seeks our review of an attorney's fee award rendered in an administrative adjudication under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950. Petitioner Freddie Mae Hyatt argues that the amount of attorney's fees she was awarded in a partially successful action against Northrop Grumman Ship Systems, Inc., Ingalls

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60476

Shipbuilding Division, ("Ingalls") was too low.  Respondent Ingalls seeks affirmance of the existing award.[1]  Notwithstanding the substance of her claims before this court, Hyatt's petition for review of the BRB's affirmance of the attorney's fee award comes too late, and we must DISMISS her petition for want of jurisdiction.

## I.  Facts & Procedural History

Hyatt was employed by Ingalls as a welder.  Following a back injury, Hyatt made claims against Ingalls, a self-insured employer, for medical and compensatory benefits.  Ingalls denied all of Hyatt's claims except the cost of ambulance service to the hospital immediately following the back injury.

After Ingalls denied her claims, Hyatt filed an administrative claim with the United States Department of Labor, Office of Workers' Compensation Programs pursuant to the LHWCA.  Her claim was referred to an administrative law judge ("ALJ") for resolution.  The ALJ entered a decision and order finding that Hyatt suffered a compensable back injury on December 12, 2001 and was temporarily totally disabled from the date of that injury through June 24, 2002.  He therefore awarded past medical benefits and temporary disability benefits.  The ALJ denied Hyatt's permanent partial disability claim.

Pursuant to the LHWCA's fee-shifting provisions, Hyatt petitioned the ALJ for attorney's fees and expenses after receiving this partially favorable determination.[2]   Hyatt's attorney requested $16,531.03 in attorney's fees,

_____

[1] The Office of Workers' Compensation Programs, United States Department of Labor, the nominal respondent in this matter, declined to participate in briefing but is aligned with the claimant-petitioner.  *See* 5TH CIR. R. 15.4.

[2] Hyatt separately petitioned the Office of the District Director for attorney's fees and expenses incurred before the Office of the District Director pursuant to the LHWCA's procedures.  *See* 20 C.F.R. § 702.132(a) ("Any person seeking a fee for services performed on behalf of a claimant with respect to claims filed under the Act shall make application therefor to the district director, administrative law judge, Board, or court, as the case may be, before whom the services were performed.").  That fee petition is not at issue in this appeal.

No. 09-60476

paralegal fees, and expenses of litigation.  Ingalls objected.  The ALJ ultimately awarded only part of what Hyatt requested: $5,575.00 in attorney's fees, $281.25 in paralegal fees, and $1,161.00 in expenses—a total of $7,017.25.

Hyatt moved for reconsideration of the fee award before the ALJ, who denied the motion.  Hyatt then appealed the fee award to the Benefits Review Board ("BRB"), an administrative appeals body within the Department of Labor. The BRB affirmed the award on February 12, 2009.  Hyatt purported to seek the BRB's en banc review of the fee award pursuant to section 21(b)(5) of the LHWCA, 33 U.S.C. § 921(b)(5).[3]  *See also* 20 C.F.R. § 802.407(b).

On April 21, 2009, the BRB denied Hyatt's petition of rehearing en banc on procedural grounds alone.  Section 802.407(b) of the BRB's rules of practice and procedure provides that every petition for rehearing en banc "must accompany a motion for reconsideration directed to the panel which rendered the decision."  Hyatt did not file a motion for reconsideration addressed to the BRB panel—and, indeed, offered no reason for rehearing en banc.  The April denial order stated:

> We deny claimant's motion, as it is merely a request for *en banc* review, which is not accompanied by a motion for panel reconsideration. 20 C.F.R. § 802.407(b).  Moreover, claimant has not stated any rationale for [her] motion for reconsideration nor alleged any specific error in the Board's decision.  20 C.F.R. § 802.408(a). The Board's decision is affirmed.

---

[3] Hyatt's document was entitled "Petition for Review" and stated, in its entirety: "Comes now, the claimant Freddie Hyatt, by and through her undersigned counsel, and files this, her petition for the entire permanent Benefits Review Board to review the panel decision rendered in the above styled and numbered cause dated February 12, 2009.  This petition is being filed pursuant to 33 U.S.C. § 921(b)(5) (as amended).  The claimant requests review of the Board's decision to affirm the Supplemental Decision and Order Awarding Fees of the Administrative Law Judges who heard the claim."  § 921(b)(5) authorizes en banc review.

No. 09-60476

Following this order, Hyatt petitioned this court for review pursuant to 33 U.S.C. § 921(c) by notice filed June 22, 2009.[4]

## II.  Scope of Jurisdiction

We first address the scope of our jurisdiction to review the orders that are the subject of Hyatt's petition to this court.  Ingalls has not challenged our jurisdiction to do so, but "[w]e must raise the issue of our appellate jurisdiction *sua sponte*, if necessary." *Said v. Gonzales*, 488 F.3d 668, 670–71 (5th Cir. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

Our jurisdiction to review an order of the BRB's is limited by the statute authorizing petition to the courts of appeals. *Gulf Best Elec., Inc. v. Methe*, 396 F.3d 601, 603–04 (5th Cir. 2004) ("This court's jurisdiction to hear a petition for review from an LHWCA administrative decision is derived solely from the appeal provision contained in 33 U.S.C. § 921(c).").  Under 33 U.S.C. § 921(c), "[a]ny person adversely affected or aggrieved by a final order of the [BRB] may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such [BRB] order a written petition praying that the order be modified or set aside."  Hyatt's petition expressly seeks this court's review of the BRB's order dated April 21, 2009—that is, the non-merits denial of her petition for rehearing en banc for failure to comply with the BRB's filing requirements.

While our jurisprudence permits review of the underlying final judgment when a party erroneously seeks review of a denial of reconsideration, *see Trust Co. Bank v. U.S. Gypsum Co.*, 950 F.2d 1144, 1147–48 (5th Cir. 1992) (interpreting Federal Rule of Appellate Procedure 3(c)); *Castillo-Rodriguez v. INS*, 929 F.2d 181, 183–84 (5th Cir. 1991) (holding that Federal Rule of Appellate Procedure 15(a), governing petitions for review, should be interpreted

---

[4] The petition for the April 21 order was due June 20, which was a Saturday, making the Monday, June 22 filing timely to appeal the April 21 order.

4

the same as Rule 3(c), governing notices of appeal), that rule cannot enlarge the scope of our jurisdiction beyond the express time limitations imposed by the statute creating our jurisdiction.  Section 921(c) required Hyatt to file her petition with this court "within sixty days following the issuance of" the BRB's order.  Hyatt filed her petition exactly sixty days after the BRB denied her "petition for review" for rehearing en banc—but well in excess of that time limit as to the BRB's February 12, 2009 order on the merits of her appeal.

The BRB's rules of practice provide that an order is final after sixty days "unless a timely request for reconsideration by the Board has been filed as provided under § 802.407," in which case "the 60-day period for filing such petition for review will run from the issuance of the [BRB]'s decision on reconsideration."  20 C.F.R. § 802.406.  Section 802.407 requires that a motion for reconsideration en banc must be accompanied by a motion for reconsideration directed to the panel.  Thus, Hyatt's filing did not comply with this exception.

Therefore, even liberally construing Hyatt's petition as seeking our review of the underlying merits determination of the BRB, we conclude that we nevertheless have no jurisdiction to do so. *See, e.g.*, *Bowles v. Russell*, 127 S. Ct. 2360, 2363–64 (explaining that statutory time limits on seeking review are "mandatory and jurisdictional").

### III.  Conclusion

Accordingly, the petition is DISMISSED for want of jurisdiction.