# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2010

No. 09-20847
Summary Calendar

Lyle W. Cayce
Clerk

BIRGITT EYSSELINCK, Individually and as Next Friend of TE and NU, minors, and Timothy A. Eysselinck, deceased,

Plaintiff - Appellant

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR; RONCO CONSULTING GROUP; FIDELITY AND CASUALTY COMPANY/CNA INTERNATIONAL,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-4589

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Birgitt Eysselinck's husband, Timothy A. Eysselinck, committed suicide while home on a leave of absence from his civilian job as a Task Leader for de-mining operations in Iraq. She sought death benefits under the Longshore and Harbor Workers' Compensation Act, but her claim was denied at each administrative level. The district court also denied relief. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20847

## I. FACTUAL BACKGROUND

The decedent was responsible for the overall administration and training of certain personnel who would perform de-mining operation tasks in Iraq. This included defusing or rendering inoperable unexploded ordinance such as cluster bombs and improvised explosive devices. He returned home on February 21, 2004 on a three-month leave of absence. On April 23, 2004, he committed suicide. Eysselinck claims entitlement to death benefits because the work-related stress and dangerous nature of the decedent's work caused him to suffer Post Traumatic Stress Disorder ("PTSD") leading to an irresistible impulse to commit suicide.

These claims are brought under the procedures of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-50, as extended by the Defense Base Act, 42 U.S.C. §§ 1651-54. An Administrative Law Judge ("ALJ") heard competing experts. Each expert reviewed records and witness interviews. Neither had interviewed the decedent, nor were there any contemporaneous medical treatment notes or records by a mental health care professional. Thus, each expert was making a retrospective diagnosis of whether the decedent suffered PTSD. The expert for the claimant stated the opinion that the decedent must have suffered from PTSD related to his working conditions because he could find no other cause. The other expert believed the available evidence failed to establish that the decedent suffered from PTSD. Rather, the decedent's act was due to a combination of non-work related stressors, including alcohol consumption.

The ALJ concluded that the expert who found insufficient support for a diagnosis of PTSD was more persuasive. The decedent was found to have willfully committed suicide, and benefits were denied. The Benefits Review Board ("BRB") affirmed. The district court subsequently denied the petition for review of the BRB decision.

No. 09-20847

## II. DISCUSSION

Our review is of the BRB decision, not that of the district court. "[A]ppellate court review need accord no particular deference to the district court's conclusion as to whether the identical administrative record does or does not support the administrative determination. . . ." *H.B. Zachry Co. v. Quinones*, 206 F.3d 474, 477 (5th Cir. 2000) (quoting *La. Envtl. Soc'y, Inc. v. Dole*, 707 F.2d 116, 119 (5th Cir. 1983)).

We examine the BRB decision "to determine whether it has adhered to its proper scope of review – *i.e.*, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." *Gulf Best Elec., Inc. v. Methe*, 396 F.3d 601, 603 (5th Cir. 2004) (citing *H.B. Zachry*, 206 F.3d at 477).

"Substantial evidence is that relevant evidence – more than a scintilla but less than a preponderance – that would cause a reasonable person to accept the fact finding." *Dir., Office of Worker's Comp. Programs, U.S. Dep't of Labor v. Ingalls Shipbuilding, Inc.*, 125 F.3d 303, 305 (5th Cir. 1997). It is "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Hall v. Consol. Emp't Sys., Inc.*, 139 F.3d 1025, 1029 (5th Cir. 1998) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Civilian contractor employees working overseas are entitled to benefits under the LHWCA. 42 U.S.C. § 1651(c). Even so, "[n]o compensation shall be payable if the injury was occasioned solely by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another." 33 U.S.C. § 903(c). Eysselinck has the burden of proving the decedent's suicide was the result of an irresistible impulse to kill himself. To prove an irresistible impulse, the claimant must produce expert opinion that the decedent suffered from a mental disease or impairment that created the impulse leading to the suicide. *Voris v. Tex. Emp'rs Ins. Ass'n*, 190 F.2d 929, 931 (5th Cir. 1951).

No. 09-20847

On appeal, Eysselinck argues there is substantial evidence in the record to prove that the decedent suffered from PTSD[1] causing an irresistible impulse to commit suicide, and the ALJ erred in finding the doctor it relied upon was more credible. Extensive testimony was offered about the decedent's work and activities before his death. The ALJ found that the decedent had not been exposed to life threatening situations in Iraq. After weighing both experts' testimony, the ALJ concluded one was more credible than the other.

A court may not reweigh or re-evaluate the evidence considered by the ALJ. *La. Ins. Guar. Ass'n v. Bunol*, 211 F.3d 294, 296 (5th Cir. 2000). "That the facts may permit diverse inferences is immaterial. The [ALJ] alone is charged with the duty of selecting the inference which seems most reasonable and his choice, if supported by the evidence, may not be disturbed." *Presley v. Tinsley Maint. Serv.*, 529 F.2d 433, 436 (5th Cir. 1976) (citation omitted). We accept the evidentiary choices made by the ALJ.

Eysselinck also argues she was not granted the statutory presumption that the decedent's death was not willful. There is such a presumption, but it applies only "in the absence of substantial evidence to the contrary . . . ." 33 U.S.C. § 920(d). This presumption's "only office is to control the result where there is an entire lack of competent evidence." *Del Vecchio v. Bowers*, 296 U.S. 280, 286 (1935). The ALJ was presented with a voluminous record and thoroughly reviewed all of the testimony and expert opinions. The presumption does not control. *See id.*

AFFIRMED.

---

[1] In the alternative, Eysselinck argues that the decedent "at the least . . . suffered from depression which could only have resulted from his service in Iraq. The ALJ and the [BRB] did not formally consider this fact." Although Eysselinck averred the decedent suffered from depression, the issue before the ALJ was whether PTSD, not depression, could overcome the voluntary intentions of the decedent's suicide such that it could be described as involuntary. She did not argue depression caused the suicide. There was substantial evidence to support the ALJ's decision.