# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2026

Lyle W. Cayce
Clerk

———————

No. 25-60500

———————

GIS Holdings, L.L.C., (Avondale Operations); The Gray
Insurance Company,

*Petitioners*,

*versus*

Director, *Office of Workers' Compensation Programs, United States
Department of Labor*; Walter B. Crews, Jr.,

*Respondents*.

———————————————————

Petition for Review of an Order of the
Benefits Review Board
Agency No. 24-0111

———————————————————

Before Southwick, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

This case involves the Benefits Review Board's grant of permanent
total disability benefits to Walter Crews, Jr.  Crews has not been able to work
since a job-related incident in 1995 that resulted in a severe back injury.  The
pain from the injury was so severe that he had a morphine pump surgically
implanted in his spine.  The Administrative Law Judge (ALJ) assigned to his

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60500

case and the Benefits Review Board (BRB) held that Crews is entitled to permanent total disability benefits starting from October 4, 2007, to the present. GIS Holdings petitioned for review of the BRB's judgment.

"[O]ur review of BRB decisions is limited to considering errors of law and ensuring that the Board adhered to its statutory standard of review, that is, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." *Port Cooper/T. Smith Stevedoring Co. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000); *see* 33 U.S.C. § 921(b)(3).

GIS makes three arguments: (1) there is not substantial evidence in the record to support the finding that Crews was permanently disabled because there is no evidence that Crews reached maximum medical improvement (MMI) in October 2007; (2) Crews cannot receive total disability status because there is evidence in the record that he could return to the workforce; and (3) Crews has refused to "engage in job retraining to attempt to return to the workforce."

1. We consider the evidence to support the ALJ's finding that Crews reached MMI in October 2007. MMI is "reached when an injury has received the maximum benefit of treatment such that the patient's condition will not improve." *Gulf Best Elec., Inc. v. Methe*, 396 F.3d 601, 605 (5th Cir. 2004). Both doctors who were deposed, including GIS's own, testified that they did not recommend further treatment for Crews and that two weeks following the implant of his morphine pump was the correct date for MMI because that is when his condition became "stable." Indeed, the ALJ gave "great weight" to testimony stating that, when a patient's physical condition reaches the need for a morphine pump, they are "100 percent disabled [and will] remain that way the rest of [their] life." We find substantial evidence in the record supporting the ALJ's conclusion that Crews's injury was permanent.

No. 25-60500

2. We next consider the evidence to support the ALJ's finding that Crews's disability is total in nature. "[T]he availability of suitable alternative employment distinguishes partial from total disability." *Louisiana Ins. Guar. Ass'n v. Abbott*, 40 F.3d 122, 126 (5th Cir. 1994). A longshoreman must make out a *prima facie* case by showing that they are "unable to perform [their] former longshore employment tasks"; then, the burden shifts to the employer "to establish that the employee is capable of performing other realistically available jobs." *Id.* at 127. GIS has waived any argument that Crews has not made out a *prima facie* case. Further, GIS does not identify any evidence that controverts the ALJ's finding that GIS has failed to meet its burden of "demonstrating that suitable alternative employment exists that [Crews] can perform." GIS did not carry its burden of proof, and thus Crews's *prima facie* case was unrebutted.

3. GIS has forfeited the argument that Crews is disqualified from total disability benefits by "refus[ing] to engage in job retraining" because it did not make this argument in its petition for review before the BRB. *See Ingalls Shipbuilding, Inc. v. Director, OWCA*, 976 F.2d 934, 938 (5th Cir. 1992).

The petition for review is DENIED.