United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 03-61028
Summary Calendar

———————————————

BRET TARVER,

Petitioner,

versus

BO-MAC CONTRACTORS, INC.; LIBERTY MUTUAL
INS.; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, U.S. DEPARTMENT
OF LABOR,

Respondents.

————————————————————————————

Petition for Review of the Decision and Order of
the Benefits Review Board

————————————————————————————

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:

Repondent Bo-Mac Contractors, Inc. ("Bo-Mac") agreed to build two barge slips on vacant,

dry land near the intracoastal waterway in Carlyss, Louisiana. Petitioner Bret Tarver, a welder hired

by Bo-Mac, was seriously injured during the construction project. While working on the land side

of the excavation, an 80-foot beam came loose and pinned Tarver to construction scaffolding. At the

time of Tarver's injury, the construction site had been cleared and the slip holes had been excavated,

1

but the land between the holes and the waterway had not yet been removed. At some point after the injury, Bo-Mac filled the slips with water by removing the wall of land between the excavated area and the navigable waterway.

Tarver filed two claims against Bo-Mac—one under the Louisiana Workers' Compensation Act and the other under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 (2000). After a hearing, the administrative law judge ("ALJ") awarded Tarver benefits under the LHWCA. The ALJ later denied Bo-Mac's motion for reconsideration. On appeal, the Benefits Review Board ("BRB") reversed the ALJ's judgment, reasoning that Tarver's injury did not occur on a situs that is covered by the LHWCA. Tarver timely appeals to this Court.

We must uphold BRB decisions that are supported by substantial evidence and are in accordance with the law. *Empire United Stevedores v. Gatlin*, 936 F.2d 819, 822 (5th Cir. 1991). The BRB's legal determinations are reviewed *de novo*. *Boomtown Belle Casino v. Bazor*, 313 F.3d 300, 304 (5th Cir. 2002).

> The LHWCA provides that an employee may recover for personal injury
>
> only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel).

33 U.S.C. § 903(a). Tarver contends that he is entitled to relief under § 903(a) because the Bo-Mac construction site would, at some point in the future, serve a maritime purpose. Such a claim is without merit.

"Whether an adjoining area is a § 903(a) situs is determined by the nature of the adjoining area *at the time* of injury." *Bazor*, 313 F.3d at 304 (emphasis added)). This Court has created an

2

exception to this general rule, however, where a construction site—although not serving a maritime purpose—was carved out of a covered situs and promised to support navigation in the future. *See Trotti & Thompson v. Crawford*, 631 F.2d 1214, 1219 (5th Cir. 1980); *see also Bazor,* 313 F.3d at 304 (holding that an adjoining area was not a covered situs during its construction because the location "had yet to be used for a maritime purpose").

It is uncontested that the Bo-Mac construction site, at the time of Tarver's injury, was not serving a maritime purpose. Further, Tarver acknowledges that the site had not previously facilitated navigation. As a result, our authority makes clear that such a situs does not meet the requirements of the LHWCA. Finding no error in the judgment of the BRB, we AFFIRM.