# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2010

No. 09-60859

Lyle W. Cayce
Clerk

GREAT SOUTHERN OIL AND GAS CO.; LOUISIANA WORKERS'
COMPENSATION CORP.,

Petitioners

V.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR; TONY MEYERS,

Respondents

Petition for Review of an Order of the
Benefits Review Board
No. 09-0530

Before DAVIS, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this appeal, Petitioner Great Southern Oil and Gas Co. ("Great Southern"), the employer of Respondent Tony Meyers, challenges an order of the Benefits Review Board ("BRB") awarding Meyers benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 (2010). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60859

At the time of his accident on May 28, 1994, Meyers was employed as a mechanic on a work-over rig mounted on a barge. The barge was spudded in at a well location in Louisiana state waters. Meyers had been working in navigable waters on the barge for four to five days before the accident. Prior to starting this job, Meyers was told by his supervisors he could expect to remain on the barge for a period of months or possibly years. Before he was assigned to the barge, Meyers had performed essentially the same work for Great Southern on work-over rigs on land.

Following a hearing, the Administrative Law Judge ("ALJ") concluded that Meyers was not a covered employee under the LHWCA because the barge was a fixed platform and not a vessel and Meyers was not engaged in a traditional maritime activity. The BRB reversed and held that Meyers was injured in the course of his employment on navigable waters and, therefore, under the Supreme Court's decision in *Director v. Perini North River Associates*, 459 U.S. 297, 306-07, 103 S. Ct. 634, 641-42, 74 L. Ed. 2d 465 (1983), Meyers was a covered employee. The BRB remanded the case to the ALJ to award appropriate benefits. The ALJ awarded temporary total disability. The BRB affirmed and this appeal followed.

This court reviews decisions of the BRB under the same standard that the BRB reviews decisions of the ALJ. *B&D Contracting v. Pearley*, 548 F.3d 338 (5th Cir. 2008). That standard is limited to whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law. *H.B. Zachry Co. v. Quinones*, 206 F.3d 474, 477 (5th Cir. 2000)(quotations omitted). Substantial evidence is defined as such relevant evidence that a reasonable mind might accept as an adequate basis for a factual conclusion. *See Richardson v. Perales,* 402 U.S. 389, 401 (1971). This court reviews the legal conclusions of the BRB *de novo*. *Tarver v. Bo-Mac Contractors, Inc.*, 384 F.3d 180, 181 (5th Cir. 2004). On the other hand, this court gives deference to the Director of the Office

2

No. 09-60859

of Worker's Compensation Programs' interpretations of the LHWCA. *Pool v. Cooper*, 274 F.3d 173, 177 (5th Cir. 2001).

The only significant issue on appeal is whether Meyers qualifies for benefits under the LHWCA. Great Southern argues that performing oilfield work does not qualify as maritime employment and therefore Meyers has not satisfied the "status" requirement of the LHWCA to qualify for benefits. We disagree. As the Supreme Court stated in *Perini* - "when a worker is injured on that actual navigable waters in the course of his employment on those waters, he satisfies the status requirement . . . and is covered by the LHWCA." 459 U.S. at 324. Regarding whether the injured employee must establish that he was engaged in maritime employment, we stated in *Bienvenu v. Texaco, Inc.*:

> In light of Bienvenu's injury on navigable waters, Texaco acknowledges, as it must, that Bienvenu need not establish that he was engaged in maritime employment as that term is used in § 2(3) of the Act. The Supreme Court's decisions in *Perini* and *Herb's Welding* foreclose this argument. Those cases recognize that the 1972 Amendments were not intended to alter the scope of coverage for workmen injured on navigable waters. As our discussion above demonstrates, before 1972, any workman injured in the course of his employment actually engaged in the performance of his assigned duties on navigable waters enjoyed coverage under the LHWCA. He was not required to perform the traditional maritime work described in § 2(3) of the Act.

164 F.3d 901, 906-907 (5th Cir. 1999).

This case is controlled by *Perini* and *Bienvenu*. Great Southern's reliance on *Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 84 L. Ed. 2d 406, 105 S. Ct. 1421 (1985), is misplaced. As we made clear in *Bienvenu*, the Supreme Court's holding in *Herb's Welding* that employees engaged in oilfield work are not engaged in maritime employment, is not applicable to the facts of this case. This is because in *Herb's Welding* the Court was addressing the status of workers

3

No. 09-60859

injured on stationery platforms and not on vessels.[1]  This court has recognized that a barge of the exact configuration of the barge in this case was a vessel and that the employee permanently assigned to that barge was a seaman. *Manuel v. P.A.W. Drilling & Well Service, Inc.*, 135 F.3d 344 (5th Cir. 1998).  Because Meyers was injured while working on a vessel in navigable waters, the BRB correctly determined that Meyers was indeed covered under the Act.

The employer and insurer, in a very brief argument, contended that based on the testimony of Meyer's treating physician's, Dr. Cobb, the ALJ and BRB erred in awarding temporary total disability benefits. They argue that suitable alternative employment was available and offered to Meyers, but that Meyers refused to accept this employment.  The ALJ, however, credited Meyers' testimony that, because of his pain and limitation of motion, he was unable to perform the alternate employment.  Great Southern does not make any argument as to why the ALJ erred in making these findings, which are supported by substantial evidence.  We therefore decline to disturb the award.

Meyers argues that his award of benefits should be based on total, permanent disability rather that temporary total disability as awarded by the ALJ and affirmed by the BRB.  However, since Meyers did not appeal the BRB's order we have no jurisdiction to consider that argument.

For the above reasons, we affirm the BRB's award of benefits to Meyers under the LHWCA.

AFFIRMED.

---

[1] Great Southern's argument  that Meyers's presence on navigable waters at the time of his injury was transient or fortuitous fails because the BRB's  conclusion to the contrary is supported by substantial evidence in the record.  We decline to consider Great Southern's argument that Meyers is foreclosed from coverage under the LHWCA because his work assignment on the barge rendered him a member of the crew of a vessel, which is a class of employees statutorily excluded from LHWCA coverage, 33 U.S.C. § 902(3)(G), because that issue was not raised before the ALJ.