# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2011

No. 10-60454

Lyle W. Cayce
Clerk

WARREN JOSEPH,

Petitioner

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US
DEPARTMENT OF LABOR, NORTHROP GRUMMAN,

Respondents

Petition for Review of an Order of the
Benefits Review Board
BRB No. 07-179732

Before KING, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this appeal, Warren Joseph challenges an order of the Benefits Review
Board ("BRB") denying him workers compensation benefits under the Longshore
and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 901 (2010). We
AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60454

## FACTS AND PROCEEDINGS

On February 8, 2007, Joseph was working as an electrician for Northrop Grumman Ship Systems, Inc. ("Northrop") when he was exposed to smoke and fumes from nearby welding. He left work early that day, and on February 10 he was transported by ambulance to Singing River Hospital where he was diagnosed with septic shock and bacterial community-acquired pneumonia. After consulting with a number of physicians, all of whom agreed with the Singing River diagnosis, he returned to work in mid-March. Northrop paid him temporary disability benefits from February 12 through April 4. Joseph seeks additional benefits, contending that his illness is related to his exposure to smoke and fumes on February 8.

Following a hearing, the Administrative Law Judge ("ALJ") held that Joseph's injuries were not work related and denied his claim for worker's compensation. The BRB subsequently affirmed the ALJ. Joseph timely appeals.

## STANDARD OF REVIEW

We review decisions of the BRB to determine whether the BRB properly determined that the ALJ's factual findings are supported by substantial evidence and are consistent with the law. *H.B. Zachry Co. v. Quinones*, 206 F.3d 474, 477 (5th Cir. 2000). Substantial evidence is defined as such relevant evidence that a reasonable mind might accept as an adequate basis for a factual conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). This court reviews the legal conclusions of the BRB *de novo. Tarver v. Bo–Mac Contractors, Inc.*, 384 F.3d 180, 181 (5th Cir. 2004). We give deference to the Director of the Office of Workers Compensation Programs' interpretations of the LHWCA. *Pool Co. v. Cooper*, 274 F.3d 173, 177 (5th Cir. 2001).

## DISCUSSION

Joseph raises numerous issues on appeal; the primary issue is whether the BRB was correct in holding that the ALJ's decision was based on substantial

No. 10-60454

evidence and is consistent with the law. Under the LHWCA, a claimant has the burden of proving a prima facie case for coverage, *viz*., that (1) an injury was suffered, and (2) the injury occurred in the course of employment or was caused, aggravated or accelerated by conditions at the work place. *Ortco Contractors, Inc. v. Charpentier*, 332 F.3d 283, 287 (5th Cir. 2003). A claimant's proof of these two predicates triggers a presumption that the injury is work related and that the claimant is entitled to coverage. 33 U.S.C. § 920(a). To avoid coverage, the employer must affirmatively rebut this presumption with "substantial evidence to the contrary." *Charpentier*, 332 F.3d at 287. This evidentiary standard is less demanding than the ordinary civil requirement that a party prove a fact by a preponderance of the evidence. *Id*.

The ALJ held that Joseph made a *prima facie* case due to the close timing between his symptoms and his exposure to the welding fumes. However, the ALJ found that Northrop had presented substantial evidence to the contrary because all the physicians[1] who examined Joseph agreed that his illness was not caused by his exposure to smoke and fumes at Northrop.[2] The ALJ denied the claim for benefits, and the BRB affirmed. This finding is supported by the record. There is no medical evidence linking Joseph's illness to his workplace, and the timing

---

[1] According to Joseph, he was prevented from seeing his physician of choice. The ALJ determined that Joseph consulted his physician of choice. We agree. Joseph has not presented any evidence suggesting that Northrop prevented him from choosing his physicians.

[2] Joseph raises numerous challenges to his medical records. First, he alleges that his privacy rights under the Health Insurance Portability and Accountability Act ("HIPPA") were violated when the medical records documenting his treatment were provided to his employer. As a condition of an employee's recovery against his employer, the treating physician must provide the employer with a report of the employee's injuries within ten days. 33 U.S.C. § 907(d)(2). Moreover, Northrop obtained the records by subpoena which Joseph has not shown was invalid. Second, Joseph argues that his medical records are incomplete, had been tampered with, and stolen. The ALJ gave him thirty days to produce the allegedly missing documents, but Joseph failed to do so. Joseph has not demonstrated that his medical records are incomplete, or have been tampered with or stolen. Third, he argues that the medical records were not admissible evidence, but fails to provide a coherent argument or to cite any supporting legal authority. We reject these challenges.

of his illness is purely coincidental. We affirm the BRB's holding that Joseph's illness was not related to exposure to welding fumes at Northrop.

Also, Joseph raises numerous new arguments for the first time on appeal. For example, he argues that the ALJ engaged in improper ex parte communications with opposing counsel, that the ALJ failed to enforce its discovery order, and that his illness was caused by heavy-metal poisoning. These issues, and others listed in Joseph's brief, are waived because Joseph failed to present them below. *See Aetna Cas. & Sur. Co. v. Dir., Office of Worker's Comp. Programs, U.S. Dept. of Labor*, 97 F.3d 815, 819 (5th Cir. 1996).

Joseph reurges several arguments presented in his brief before the BRB, but unaddressed by the BRB's opinion. He argues that the ALJ did not fully examine the record, that Joseph should have been provided with a list of chemicals used at his workplace, that he was entitled to certain stipulations at the hearing, that he should have been permitted to take certain depositions, and that the ALJ impermissibly removed a record from his medical file. None of these arguments entitle Joseph to the relief he requests. The ALJ's detailed opinion shows that it reviewed the entire record, and Joseph has not demonstrated how any of these arguments would alter the BRB's holding.

In addition, Joseph's brief contains repeated accusations that his treating physicians, the ALJ, and Northrop conspired to deny him medical care and benefits and that the ALJ and the BRB engaged in "corrupt and unethical conduct." We decline to entertain these frivolous and entirely unsupported arguments.

We DENY Joseph's motion to file a reply brief out of time and his motion to strike Northrop's response as untimely. Joseph's motion to supplement the record is GRANTED.

## CONCLUSION

We AFFIRM the BRB's decision denying Joseph's request for benefits.