# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2013

No. 12-60380
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL JAMES GOINS,

Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, US
DEPARTMENT OF LABOR; LAKE CHARLES STEVEDORES,
INCORPORATED; PORTS INSURANCE COMPANY, INCORPORATED,

Respondents

Petition for Review of an Order
of the Benefits Review Board
BRB No. 11-477

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

*Pro se* petitioner Michael James Goins seeks review of an order of the
Benefits Review Board affirming an Administrative Law Judge's Decision and
Order on Remand as to claims he brought under the Longshore and Harbor
Workers' Compensation Act against two of his former employers, Lake Charles
Stevedores, Inc., and J.J. Flanagan Stevedores. Specifically, Goins appeals the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-60380

Board's order as to the following issues: (1) consolidation of his claims; (2) his request for attorney fees; (3) determination of his average weekly wage; (4) the suspension of his benefits because he refused to undergo a medical evaluation; (5) the finding that his psychological condition is not work-related; and (6) the finding that respondents are not liable for further costs related to treatment for his psychological condition. Respondents cross-appeal the Board's affirmation of the finding that Goins was permanently and totally disabled, and accordingly is entitled to permanent and total disability benefits. For the following reasons, we affirm the Board's order in all respects.

## I. BACKGROUND

Michael James Goins asserted claims for four separate accidents against two of his former employers—Lake Charles Stevedores, Incorporated, and J.J. Flanagan Stevedores—and their respective carriers ("Respondents"). After the first three accidents, benefits were paid under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901, *et seq.*, and Goins returned to work. Following the final incident on April 25, 2005, Goins stated that he was no longer able to work due to pain. He sought compensation under the LHWCA for injuries sustained to his back, right shoulder, and right hip, as well as for "mental unrest," which he claimed was due to all of the accidents.

Goins's employer brought a timely challenge against his April 25, 2005 claim, and all of Goins's claims were adjudicated at a formal hearing before an Administrative Law Judge ("ALJ") on January 20, 2007. On May 8, 2007, the ALJ issued a Decision and Order awarding Goins temporary total disability benefits for his four work-related injuries for the periods of January 17 through February 28, 2001, August 14, 2001 through December 10, 2002, July 6 through September 21, 2004, and from April 25, 2005 through July 5, 2006. The ALJ noted that Goins resumed full-duty work after each of the four periods he was injured without a loss of pay or residual impairment except for the final period;

2

No. 12-60380

the ALJ found that Goins's inability to work following the final period was due solely to his non-work-related mental impairment. The ALJ also found that Goins was entitled to, and Respondents liable for, all reasonable medical benefits arising out of the April 25, 2005, work-related injuries pursuant to Section 7(a) of the LHWCA, 33 U.S.C. § 904(a).

Goins sought modification of the ALJ's Decision and Order under Section 22 of the LHWCA, 33 U.S.C. § 922. Respondents filed a motion to compel an updated medical examination of Goins by Dr. James Perry. The ALJ issued a Decision and Order on July 29, 2008 denying Goins's request for modification and suspending payment of compensation pursuant to Section 7(d)(4) of the LHWCA, 33 U.S.C. § 907(d)(4), because of Goins's unreasonable refusal to undergo an examination by Dr. Perry.

Goins appealed to the Benefits Review Board ("Board"). On August 14, 2009, the Benefits Review Board ("Board") reversed the ALJ's finding that Goins's psychological condition is not work-related, as it found that no psychiatrist gave an opinion to a reasonable degree of medical probability that Goins's mental condition was not caused or aggravated by his work-related injuries. The Board also vacated the ALJ's finding that Goins is not entitled to temporary total disability benefits as a result of his April 25, 2005 injury, and it remanded the case for further consideration of this issue. Finally, the Board vacated the ALJ's denial of Goins's petition for modification.

On March 11, 2011, following a hearing on remand, the ALJ found that Goins's mental and physical problems had combined to prevent him from performing any work as of the date of his last injury. Based on this finding, the ALJ awarded Goins permanent total disability benefits for the period of April 25, 2005 through July 7, 2008, and entered a continuing award of permanent total disability benefits to begin on December 1, 2009, based on an average weekly wage of $389.70. The ALJ also found Respondents liable for medical benefits

related to Goins's visits to Dr. Bernauer for treatment for his mental condition and physical injuries, related travel expenses, and a referral to a neurologist.

Acting *pro se*, Goins appealed the ALJ's decision on remand, raising various issues. Respondents cross-appealed. On March 21, 2012, the Board affirmed the ALJ's decision in all respects. In doing so, it held, as a matter of law, and to clarify the ALJ's decision, that Respondents are not liable for further treatment of Goins's psychological condition.

Again *pro se*, Goins seeks review of the Board's Decision and Order pursuant to 33 U.S.C. § 921(c). He asks us to reverse the Board's affirmation of the ALJ's order regarding (1) consolidation of his claims, (2) his request for attorney fees, (3) determination of his average weekly wage, (4) suspension of benefits because of his refusal to undergo a medical evaluation, (5) the finding that his psychological condition is not work-related, and (6) the finding that Respondents are not liable for further costs of treating his psychological condition. Respondents cross-appeal, seeking review of the Board's affirmation of the finding that Goins was permanently and totally disabled and therefore entitled to permanent and total disability benefits.

## II. STANDARD OF REVIEW

We review a Board decision for legal errors and adherence to the proper standard of review, namely, "whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." *Gulf Best Elec., Inc. v. Methe*, 396 F.3d 601, 603 (5th Cir. 2004). The Board must uphold the ALJ's factual findings if they are rational and supported by substantial evidence. 33 U.S.C. § 921(b)(3); *Gulf Best*, 396 F.3d at 603. Substantial evidence is "that relevant evidence—more than a scintilla but less than a preponderance—that would cause a reasonable person to accept the fact finding." *Coastal Prod. Servs., Inc. v. Hudson*, 555 F.3d 426, 430 (5th Cir. 2009). As the factfinder, the ALJ is exclusively entitled to assess the weight of the evidence and credibility of

No. 12-60380

witnesses. *Ceres Gulf, Inc. v. Dir., OWCP*, 683 F.3d 225, 228 (5th Cir. 2012) (citations omitted). We review the Board's legal conclusions de novo. *Tarver v. Bo–Mac Contractors, Inc.*, 384 F.3d 180, 181 (5th Cir. 2004).

### III. DISCUSSION

**A. Goins's Claims**

We first consider whether Goins adequately raised any issues in his petition for review. With limited exceptions, the Federal Rules of Appellate Procedure "apply to the review or enforcement of an agency order." Fed. R. App. P. 20; *see United Gas Pipe Line Co. v. FERC*, 824 F.2d 417, 434 (5th Cir. 1987). These rules require an appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). "Failure adequately to brief an issue on appeal constitutes waiver of that argument." *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004). "Although *pro se* briefs are to be liberally construed, *pro se* litigants have no general immunity from the rule that issues and arguments not briefed on appeal are abandoned." *Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005) (citations omitted); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("[W]hile we construe *pro se* pleadings liberally, *pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.").

The adequate briefing standard is a low hurdle, but Goins does not clear it. His briefing lacks record citations, citations to relevant legal authority, an intelligible application of the few authorities cited, or documentation—other than the Board's order and a letter stating facts not in dispute—indicating the basis of his claims. When an appellant fails to provide "the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on," that failure constitutes waiver. *Turner v. Quarterman*, 481 F.3d 292, 295 n.1 (5th Cir. 2007) (citation and internal quotation marks

omitted). Accordingly, we hold that Goins's inadequate briefing waives his challenges to the Board's order.[1]

## B. Respondents' Cross-Appeal

In their cross-appeal, Respondents argue that the Board erroneously affirmed the ALJ's finding that Goins was permanently and totally disabled. Specifically, Respondents contend that the ALJ erred in finding that Goins's non-work-related mental condition combined with his physical condition to render him permanently and totally disabled under the Board's aggravation rule. Respondents argue that the permanent and total disability award was neither rational nor supported by substantial evidence, and therefore should be reversed. We disagree and affirm the Board's order because the Board adhered to the proper standard of review and did not err as a matter of law.

As the Board acknowledged, the ALJ found that Goins set forth a prima facie case of total disability by showing that he is physically incapable of returning to longshore employment. The Board further noted that the record supports the ALJ's determination of Goins's disability status, as it shows by a preponderance of the evidence that Goins's physical and mental problems combined to prevent him from working.

Respondents argue that the ALJ improperly awarded benefits to Goins based upon its finding that his mental condition interacted with his physical condition so as to render him totally disabled under the Board's aggravation rule. *See Cairns v. Matson Terminals, Inc.*, 21 B.R.B.S. 252 (1988). However, Respondents have not provided any legal authority to refute the positions,

---

[1] However, even if we were to consider Goins's claims, they would fail. Goins has not pointed to, nor have we located, legal authorities suggesting that reversal would be proper under de novo review. Goins has not in any discernable way argued that the Board failed to adhere to its proper standard of review. And he has not argued, at least not in a way that we can identify, that the ALJ lacked substantial evidence to render its decision. Moreover, we have not found, independently of Goins's briefing, any basis upon which the Board's decision should be overturned with respect to his claims on appeal.

adopted by the ALJ and confirmed by the Board, that employers take their employees as they find them, that Goins's physical injuries combined with his preexisting mental condition so as to render him permanently and totally disabled, and thus, that Goins was entitled to permanent and total disability benefits. *See Ortco Contractors, Inc. v. Charpentier*, 332 F.3d 283, 290 & n.16 (5th Cir. 2003) (citing *Strachan Shipping Co. v. Nash*, 782 F.2d 513, 517 (5th Cir. 1986) (noting that when an employment injury worsens or combines with a preexisting condition, the entire resultant condition is compensable)); *see also Wheatley v. Adler*, 407 F.2d 307, 312 (D.C. Cir. 1968) (en banc) (same). Rather, in support of their argument, Respondents appear to request that we reweigh the evidence—including wage records and testimony—which we are not permitted to do under the standard of review. *Ceres Gulf, Inc.*, 683 F.3d at 228.

Because Respondents do not ground their argument on the alleged misapplication of the aggravation rule in legal authority, and because their argument ostensibly and impermissibly asks us to reweigh the evidence, we affirm the Board's order as to this issue.

## IV. CONCLUSION

For the reasons stated, we AFFIRM the Board's order in all respects.